[Cite as *Chappelear v. Ohio State Univ.*, 2009-Ohio-7059.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN CHAPPELEAR, etc., et al.

    Plaintiffs

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2008-02703

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} An evidentiary hearing was conducted in this matter to determine whether Sheldon Simon, M.D., is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Upon review of evidence presented at the hearing, the court makes the following determination.

{¶ 2} R.C. 2743.02(F) states, in part: "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 3} R.C. 9.86 states, in part:

{¶ 4} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 5} On October 14, 2009, the parties filed a "joint partial stipulation of facts relevant to immunity" wherein they state in pertinent part as follows:

{¶ 6} "1. At all times relevant herein Susan Chappelear was a patient at Columbus Children's Hospital (CCH) in Columbus, Ohio.

{¶ 7} "2. CCH is a private hospital that is not owned or operated by The Ohio State University. It is not part of any state university, and is not an instrumentality of the State of Ohio.

{¶ 8} "3. In September 1997, Dr. Sheldon Simon was employed by the defendant, Ohio State University, as the chief of the Division of Orthopedic Surgery, in the Department of Surgery of the OSU College of Medicine. Dr. Simon's duties and responsibilities included the education and training of OSU orthopedic surgery residents. Part of the training of residents in orthopedic surgery requires them to rotate through a program that provides orthopedic surgery services to pediatric patients. During the several months of the year that Dr. Simon was assigned to be on duty as an orthopedic surgeon at CCH, he would perform surgery with the assistance of OSU residents who acted under his direct supervision.

{¶ 9} "4. On or about September 1, 1997, plaintiff Susan Chappelear was admitted to CCH, and underwent a surgery performed by Dr. Simon to repair a fracture of her humerus. During that surgery, Dr. Simon was assisted by, and was supervising, Dr. Jeffrey Ralston who was an OSU orthopedic surgery resident. The surgery was completed in the early morning hours of September 2, 1997. Susan Chappelear was discharged from CCH on September 2, 1997, but by that time Dr. Simon had left the hospital.

{¶ 10} "5. On September 3, 1997, Susan Chappelear, who was then five years old, returned to the Orthopedic Fracture Clinic at CCH. This was not a scheduled clinic visit, and she complained of pain in her fingers, and that her cast was tight. She was

seen by Dr. Doug Flory, who was a resident employed by Mt. Carmel Hospital, and was training in their orthopedic residency program. Dr. Flory was not employed by OSU, and was not enrolled in the OSU residency training program. Dr. Flory saw Susan, and claims that he consulted with one of the attending surgeons at CCH. Although he is not sure which attending surgeon he consulted, he is certain that it was not Dr. Simon. After the cast was trimmed and rewrapped, Susan was discharged to home.

{¶ 11} "6. Susan returned to the clinic on September 9 for her scheduled one week follow-up visit and was seen by Dr. Ralston. He was supervised by Dr. Simon. Susan was discharged and instructed to return in two weeks.

{¶ 12} "7. Susan returned again on September 23, and again was seen by Dr. Ralston who was supervised by Dr. Simon. She was discharged from the clinic and instructed to return in three weeks.

{¶ 13} "8. Susan returned on October 14, and was seen by Dr. Timothy Kavanaugh, an OSU resident who was supervised by Dr. Simon. At that visit she was noted to have a possible contracture of her arm, and was subsequently diagnosed with a neurologic injury and contracture of her arm.

{¶ 14} "9. Plaintiffs' claim against Dr. Simon is that he deviated from accepted standards of care in that on September 2, 1997, after he completed his surgery, he was obligated to either (1) instruct the CCH staff that Susan should not be discharged that day and should not be discharged until he returned to see her, or (2) place an order on her chart that if she were to be discharged on September 2 that if she returned to clinic prior to her scheduled one week follow up visit that he was to be notified, and that he was to see her.

{¶ 15} "* * *

{¶ 16} "11. The parties agree and stipulate that if any claim is brought against Dr. Simon in Franklin County Court of Common Pleas Case No. 07-CVA-06-07563 based upon an alleged failure to comply with the appropriate standard of care during the direct supervision of Dr. Flory, then such a claim does not arise out of any employment with The Ohio State University, and that Dr. Simon is not entitled to immunity with regard to any such claims under the express terms of R.C. 9.86. It is agreed that the claim

outlined in paragraph 9 is not a claim that is based upon an alleged failure to comply with the appropriate standard of care during the direct supervision of Dr. Flory."

{¶ 17} The Supreme Court of Ohio has held that "in an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02[F], the Court of Claims must initially determine whether the practitioner is a state employee." *Theobald v. University of Cincinnati*, 111 Ohio St.3d, 2006-Ohio-6208, ¶30. The court finds that, based upon paragraph 3 of the parties' stipulation, Dr. Simon was a state employee.

{¶ 18} Thus, the issue before the court is whether Dr. Simon was acting on behalf of the state at the time when the alleged negligence occurred and, inasmuch as Dr. Simon's duties included the education of residents, whether he was in fact educating a resident at the time of the alleged negligence.

{¶ 19} At the hearing, counsel presented oral argument and joint exhibits. The parties agree that Dr. Flory is not entitled to immunity because he was not a student in defendant's residency program. The parties also agree that Dr. Ralston is entitled to immunity, because he was student in defendant's residency program. Plaintiffs have no criticism of the surgery that Dr. Simon performed with Dr. Ralston's assistance. However, plaintiffs argue that Dr. Simon is not entitled to immunity because his alleged negligent conduct, the failure to convey information regarding patient care, cannot be construed as education or training of a resident.

{¶ 20} Defendant contends that Dr. Simon is entitled to immunity for the following reasons: 1) he was educating and training an OSU resident during the surgery; 2) Dr. Ralston participated in the surgery and wrote the discharge summary while under Dr. Simon's supervision; and 3) any allegations of negligence with regard to Dr. Simon are related to the care and treatment of Susan that either he or Dr. Ralston provided.

{¶ 21} The court is persuaded by the fact that Dr. Ralston was present during the surgery for the purpose of education that Dr. Simon was furthering the interests of the state in his care and treatment of Susan during the surgery.

{¶ 22} In affirming the holding of the Tenth District Court of Appeals, the Supreme Court of Ohio agreed that "the question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was

engaged in those duties at the time of an injury." *Theobald*, supra, at ¶23. The Court of Appeals had explained that "any time a clinical faculty member furthers a student or resident's education, he promotes the state's interest. Because the state's interest is promoted no matter how the education of the student or resident occurs, a practitioner is acting within the scope of his employment if he educates a student or resident by direct instruction, demonstration, supervision, or simple involvement of the student or resident in the patient's care." *Theobald v. Univ. of Cincinnati*, 160 Ohio App.3d 342, 2005-Ohio-1510, ¶47.

{¶ 23} Based upon the stipulated facts and the totality of the evidence presented, the court concludes that Dr. Simon's duties as a state-employed professor of surgery included treating patients at CCH, and that he was engaged in those duties at the time of the alleged negligence. This court has previously determined that the holding in *Theobald* does not restrict physician immunity to situations where a resident or student was physically present or assisting in the care of a patient. See *Clevenger v. Univ. of Cincinnati Coll. of Med.*, Ct. of Cl. No. 2008-10323, 2009-Ohio-2829. It is clear that the surgery that Dr. Simon performed with Dr. Ralston's assistance and the post-operative note that Dr. Ralston authored involved the education of Dr. Ralston. Therefore, the court concludes that Dr. Simon was acting within the scope of his state employment with defendant at the time that the alleged negligence occurred. The court notes that although plaintiffs' claims concern an alleged omission, that fact alone does not render Dr. Simon's conduct outside the scope of his state employment. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131.[1]

{¶ 24} In sum, the court concludes that Dr. Simon is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

---

[1]"In order to establish medical malpractice, it must be shown by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the *failure or omission* to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct result of such doing or *failing to do some one or more of such particular things*." Id. at paragraph 1 of the syllabus. (Emphasis added.)

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN CHAPPELEAR, etc., et al.

    Plaintiffs

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2008-02703

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). At the hearing, the parties presented oral arguments and submitted a joint stipulation of facts and exhibits. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, the court finds that Sheldon Simon, M.D. is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

_____
CLARK B. WEAVER SR.

Judge

cc:

Anne B. Strait
Daniel R. Forsythe
Karl W. Schedler
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gerald S. Leeseberg
Susie L. Hahn
175 South Third Street
Penthouse One
Columbus, Ohio 43215-5134

Jennifer L. Hill
Mark L. Schumacher
Capitol Square Office Building
65 East State Street, Suite 800
Columbus, Ohio  43215-4247

Anne B. Strait
Daniel R. Forsythe
Karl W. Schedler
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gerald S. Leeseberg
Susie L. Hahn
175 South Third Street
Penthouse One
Columbus, Ohio 43215-5134

Jennifer L. Hill
Mark L. Schumacher
Capitol Square Office Building
65 East State Street, Suite 800
Columbus, Ohio  43215-4247

HTS/cmd
Filed December 14, 2009
To S.C. reporter December 29, 2009